### JOHN F. DONAHUE *vs.* NEWS TRIBUNE COMPANY.

JUNE 22, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This action of trespass on the case for negligence is before this court on the defendant's exception to the refusal of the trial justice to grant its motion for a direction of a verdict in its favor, a jury in the superior court having returned a verdict for the plaintiff for $1000. The defendant has waived all of its other exceptions.

After the case had reached this court, the plaintiff filed a motion to dismiss the defendant's bill of exceptions, which motion was argued when the case as a whole was heard by us. Although this motion was in general terms and directed to the defendant's entire bill of exceptions, the plaintiff limited his argument in support thereof to the defendant's exception to the failure of the trial justice to direct a verdict as above referred to. In this connection, the plaintiff contended that the defendant had before this court no exception to the refusal of the trial justice to grant its aforesaid motion unless the whole evidence for both parties was presented, which the plaintiff maintained had not been done in the instant case. The transcript of the testimony on this point reveals that, at the conclusion of all the evidence offered by the plaintiff, the defendant's attorney made the following statement: "I rest my case and move for a direction on each and every count."

In support of his motion to dismiss, the plaintiff contends, in substance, that the defendant should have been required to present or introduce some evidence, in order to be entitled, as a matter of right, to except when the trial justice refused to grant its motion for a directed verdict, made after it had closed or rested its case immediately after

the conclusion of the plaintiff's evidence. In our opinion the above contention is not sound. It is well settled that a defendant has a right, if he so desires and with the understanding that he is bound by his action, to finally rest or close his case at the termination of the plaintiff's evidence, without himself offering or introducing any evidence, and to then ask for a directed verdict. If he does this, and the trial justice denies his motion, he is entitled, as a matter of right, to take an exception. The plaintiff herein has cited *Cranston Print Works Co.* v. *American Tel. & Tel. Co.,* 43 R. I. 88, and *Huebel* v. *Baldwin,* 45 R. I. 40, as upholding the position taken by him. We have examined these cases carefully and are of the opinion that they do not support the extreme contention which he is now making in connection with the question which he has raised.

We find, therefore, on the record herein, that the defendant, by formally resting, closed its case; that its motion for a directed verdict raised a question as to the sufficiency of the evidence supporting the plaintiff's action, upon which question the trial justice was bound to rule; and that an exception would lie for either party to his ruling. The defendant's exception in this case to the action of the trial justice in denying its motion to direct a verdict is properly before us, and the plaintiff's motion to dismiss the defendant's bill of exceptions is denied.

From the evidence it appears that the accident, which the plaintiff alleges caused the injuries of which he complains, happened about midday on February 12, 1934. At that time he was employed by a railway express agency to drive a truck and to deliver freight. On the day in question the plaintiff was about to go into the defendant's building in Providence through its Weybosset street entrance, in order to deliver two packages. It had just finished snowing, but the streets were slushy because of a thaw and the plaintiff wore rubbers. A short flight of stone steps led up to the entrance in question, which had double doors opening in-

ward. Apparently, only the right-hand door as one entered the building was in common use. At the entrance proper, where the doors were located, was a metal tread or threshold which was shiny and smooth where it had been worn by use. Of this tread the central portion, about two and three-quarters inches in depth and extending from one side of the doorway to the other, was level; and the doors, when closed, rested on this central portion. From it, outside of the doors, the tread sloped perceptibly downward about three inches, terminating in a curved nosing extending about seven-sixteenths of an inch further.

The evidence also discloses that the plaintiff had worked for the express agency for many years; that the defendant's building was on his regular route; and that he had used the entrance in question many times during the two years immediately preceding his accident, possibly as often as twice a week. According to his testimony the accident happened in the following manner. "I walked up three stone steps and then I attempted to open the door and I stepped on the upper step with my right foot, and in bringing my left foot up on the upper step it didn't reach there. I landed on the bottom step on my back. . . . I had the bundles in that arm (indicating) and I had the right foot on the top step and my hand in the latch of the door pushing the door in, and when I went to raise my left foot up I fell. . . . Well, I had my right foot at the top of the step, the metal step—the ball of my right foot on the top step, and when I lifted my left leg up my right foot slipped from in under me and I fell on my back." The plaintiff also testified that his right foot slipped sideways and that he was at that time looking at the handle of the door, which had to be pushed in order to get it open.

The plaintiff's case, as submitted to the jury, was based substantially on the contention that the tread, because it was smooth and slippery, was in a dangerous and unsafe condition, of which the defendant had or should have had

knowledge; that such condition was due to the defendant's negligence and that such condition caused the plaintiff, an invitee in the exercise of due care, to fall. It is by no means clear that the evidence presented would support a finding that the defendant, in maintaining the said threshold and tread in the condition and under the circumstances described by the witnesses, was guilty of any negligence. Further, the causal connection between the condition of the tread and the plaintiff's accident was not clearly shown but was left largely to inference.

Without considering the above questions further, a careful examination of the evidence herein leads us to the conclusion that the decision of one issue in the case will be determinative of the exception now before us. It is undoubtedly the generally accepted rule that ordinarily the question of contributory negligence is, in the first instance, one of fact for the jury. However, if it clearly appears that the only proper inference from the facts is that, in the circumstances of the case before the court, the injured person did not act as an ordinarily prudent person would have acted, then such person is guilty of contributory negligence as a matter of law, and it is the duty of the trial court to direct a verdict for the defendant, if requested. *Gilbane* v. *Lent, C. T.,* 41 R. I. 462; *Iacono* v. *Fitzpatrick, C. T.,* 61 R. I. 28.

It appears from the evidence herein that the plaintiff, by reason of frequent prior use, had ample opportunity to know of the obvious conditions existing in and about the steps and doorway in question of the defendant's building. He approached these steps, wearing rubbers and with two packages, weighing about fifteen pounds, on his left arm, on a day when the ground was wet and slushy. When he reached the topmost stone step he did not at once open the door before attempting to enter the building, but instead, he placed the ball of his right foot on the sloping, smooth, metal surface of the tread or threshold, which at that point extended out from the door only about three inches. Further, instead

of then first opening the door, so that he could get the greater part of his right foot firmly upon the tread or threshold, he immediately started to raise his left foot from the top stone step, thereby throwing his entire weight onto his right foot, which was placed as above described, on a narrow sloping portion of the said tread or threshold; and at the same time he pushed with his right hand and arm against the door in order to open it, his attention being directed largely toward the door. This did not open readily, as possibly the plaintiff expected it to do; and as might be anticipated under all the circumstances, the plaintiff's right foot slipped from the tread and he fell.

Applying the principles of law just mentioned to the evidence presented in this case, we are of the opinion that such evidence shows clearly that the plaintiff was guilty of contributory negligence as a matter of law, by reason of the manner in which he attempted to enter the defendant's building, and that such negligence was the proximate cause of the accident suffered by him. The trial justice, therefore, should have granted the defendant's motion for a directed verdict, and his failure to do so was error.

The defendant's exception to the ruling of the trial justice on the said motion of the defendant is sustained.

The plaintiff may appear, if he shall see fit, on July 5, 1938, and show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

*William A. Gunning*, for plaintiff.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan*, for defendant.